

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 04-30070 |
| Plaintiff, | \* | |
| -vs- | \* | REPORT AND RECOMMENDATIONS FOR DISPOSITION OF MOTION UNDER §2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE |
| ROY B. ONE STAR, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above-captioned 28 U.S.C. §2255 case was referred to this Court, pursuant to 28 U.S.C. §636(b)(1)(B), for the purpose of conducting any necessary hearings, including evidentiary hearings, and submitting proposed findings of fact and recommendations for disposition thereof.[1] Having carefully reviewed and considered all of the records on file and being fully advised in the premises, the Court does now make and propose the following findings, report and recommendations for disposition of the case.

I.

Defendant, Roy B. One Star (One Star), an Indian, was indicted on and found guilty of six counts of aggravated sexual abuse of his two minor daughters, R.O.S. and J.O.S., in violation of 18 U.S.C. §§1153, 2241(c) and 2246(2) and one count of the lesser included offense of simple assault on one of the daughters, R.O.S., contrary to 18 U.S.C. §§1153 and 113(a)(5). The District Court sentenced One Star to life in prison on each of the aggravated

---

[1] The referral was made by the Honorable Charles B. Kornmann, United States District Judge, presiding.

sexual abuse counts and to one year in prison on the simple assault count, with all sentences to run concurrently.

On appeal, One Star raised two issues, namely (1) whether the prosecutor violated his constitutional right to remain silent by soliciting an FBI agent's testimony regarding his post-Miranda silence; and (2) whether there was sufficient evidence to convict him of aggravated sexual abuse. The Eighth Circuit Court of Appeals, however, affirmed the District Court's Judgment. United States v. One Star, 465 F.3d 828, 829, 834 (8th Cir. 2006).

One Star then filed a timely Motion under §2255 to vacate, set aside or correct his sentence. In his Motion, One Star claims that his trial counsel was ineffective because counsel (1) knew One Star was mentally incompetent; (2) prevented One Star from testifying at trial; and (3) did "not forc[e] [One Star] and advis[e] [him] in writing and orally" to accept a "10 year plea offer." The District Court thereafter ordered Plaintiff, United States of America (Government), to serve and file an answer or responsive pleading and supporting memorandum. The Court, at the same time, referred the case to this Court to handle on a report and recommendation basis.

The Government complied with the District Court's Order, filing an Answer, containing a Motion to Dismiss for failure to state a cognizable claim under §2255, a supporting Memorandum and an Affidavit signed by trial counsel. One Star did not reply to any of the Government's submissions.

II.

The relevant facts are specifically set forth in the Eighth Circuit's decision, see One Star, 465 F.3d at 830-31, and may be briefly summarized as follows.

2

R.O.S. and J.O.S. testified that their father, One Star, began sexually abusing them when they were 6 years old and continued to do so for several years. They described how the abuse escalated from inappropriate touching to vaginal intercourse and other illicit sexual activity. R.O.S. also described how One Star physically abused she and J.O.S. (by choking J.O.S. and beating R.O.S. with a broom handle). The Government's case rested primarily on the credibility of R.O.S. and J.O.S., both of whom initially denied One Star had abused them and admitted to having difficulty remembering what had happened. Neither R.O.S. nor J.O.S. reported or complained about the abuse while it was occurring. They testified that they tried to forget what One Star did to them and were reluctant to speak out against him because he had threatened them and they were afraid of him. There was corroborating circumstantial evidence to support the girls' testimony, including physical evidence of damage to J.O.S.'s hymen and R.O.S.'s back and genital pain. The jury resolved the credibility issues in favor of the Government and convicted One Star of sexually abusing both girls and to assaulting R.O.S.

### III.

Although One Star has not filed a motion seeking to have counsel appointed for him, in light of the District Court's referral order, this Court must nonetheless decide whether he is entitled to the appointment of counsel in this instance.

At the outset, it must be observed that there is neither a constitutional nor a statutory right to counsel in §2255 proceedings; instead, the appointment of counsel is committed to the discretion of the reviewing court. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Baker v. United States, 334 F.2d 444, 447-48 (8th Cir. 1964). The court, however, may

appoint counsel in a §2255 case if the interests of justice so require. 18 U.S.C. §3006A(a)(2)(B); 28 U.S.C. §2255(g). If the court conducts an evidentiary hearing, the interests of justice require the appointment of counsel. Rule 8(c) of the Rules Governing §2255 Proceedings (§2255 Rules) ("If an evidentiary hearing is warranted, the judge <u>must</u> appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A.") (emphasis added); <u>see also</u> <u>Roney v. United States</u>, 205 F.3d 1061, 1063 (8th Cir. 2000). If no evidentiary hearing is necessary, the appointment of counsel is discretionary. <u>Hoggard v. Burkett</u>, 29 F.3d 469, 471 (8th Cir. 1994); <u>Yellow Hawk v. United States</u>, 314 F.Supp.2d 921, 927 (D.S.D. 2004).

In exercising its discretion, a court should first determine whether the §2255 movant has presented a non-frivolous claim. <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir.), <u>cert. denied</u>, 513 U.S. 857 (1994); <u>Gomez v. United States</u>, 100 F.Supp.2d 1038, 1042 (D.S.D. 2000). If the movant has presented only claims that are frivolous or clearly without merit, the court should dismiss the case on the merits without appointing counsel. Rule 4 of the §2255 Rules. If the movant has presented a non-frivolous claim, the court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the movant and the court to such an extent that "the interests of justice so require it." §3006A(a)(2)(B); <u>Nachtigall v. Class</u>, 48 F.3d 1076, 1081 (8th Cir. 1995). In determining whether the appointment of counsel is necessary for a movant seeking relief with non-frivolous claims, the court should consider the legal and factual complexity of the case, the movant's ability to investigate and present claims and any other relevant factors.

4

McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); United States v. Hill, 171 F.Supp.2d 1032, 1035-36 (D.S.D. 2001).

Applying these factors to the case at hand, the Court concludes that the interests of justice do not require the appointment of counsel. The claims One Star raises in his Motion, while not frivolous or plainly devoid of any colorable merit on their face, are nonetheless, not ones that involve complex legal or factual issues or ones that require further fact investigation. McCall, 114 F.3d at 756; Yellow Hawk, 314 F.Supp. 29 at 927. It is evident that One Star understands the issues involved and is capable of articulating them. Yellow Hawk, 314 F.Supp.2d at 927. Moreover, his Motion is sufficiently clear to enable the Court to determine whether §2255 relief is warranted. See Nachtigall, 48 F.3d at 1082; Hill, 171 F.Supp.2d at 1036. And, One Star's claims can be resolved on the basis of the record now before the Court. See Hoggard, 29 F.3d at 472; Hill, 171 F.Supp.2d at 1036. Finally, One Star's likelihood of success on the merits does not support the appointment of counsel here. See United States v. Waite, 382 F.Supp.2d 1, 2-3 (D.D.C. 2005). For these reasons, the Court finds it unnecessary to appoint counsel for One Star and declines to do so.

## IV.

The District Court, in its referral Order, directed that this Court determine whether an evidentiary hearing was required on One Star's Motion. One Star has not requested an evidentiary hearing, but the Court is duty bound, under Rules 4(b) and 8(a) of the §2255 Rules, to decide if an evidentiary hearing is mandated or otherwise called for here.

An evidentiary hearing need not be held "if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true

5

because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199 (2004)). Likewise, an evidentiary hearing is not required "where the files and records of the case conclusively show that the movant is not entitled to relief. Kingsberry v. United States, 202 F.3d 1030, 1032-33 (8th Cir.), cert. denied, 531 U.S. 829 (2000); Blankenship v. United States, 159 F.3d 336, 337 (8th Cir. 1998), cert. denied, 525 U.S. 1090 (1999).

One Star has failed to allege, or support his Motion with, facts which, if true, would entitle him to relief. Instead, his Motion and claims are based on nothing more than conclusory allegations which will not suffice. Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978); see also Azure v. United States, 925 F.Supp. 671, 681 (D.S.D. 1996).

Regardless, One Star's claims are ones that are capable of resolution from the record. Blankenship, 159 F.3d at 337-39; Petersen v. United States, 352 F.Supp.2d 1016, 1019 (D.S.D. 2005). After close scrutiny of the records on file, the Court is convinced that One Star cannot prevail on his claims. Saunders v. United States, 236 F.3d 950, 952-3 (8th Cir.), cert. denied, 533 U.S. 917 (2001); see also United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005).

This being the case, One Star is not entitled to an evidentiary hearing and the Court shall proceed to dispose of his Motion in a summary manner "as justice dictates." See Rules 4(b) and 8(a) of the §2255 Rules.

V.

One Star raises three ineffective assistance of counsel claims. In doing so, he faces a heavy burden under the two-part Strickland test to establish that his trial counsel's assistance was ineffective. To prevail on his claims, One Star must show both (1) that counsel's performance was deficient, i.e., fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); see also United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

"Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. A court must "indulge a strong presumption" that counsel's conduct was reasonable and that counsel "made all significant decisions in the exercise of reasonable, professional judgment." Id. at 689-90. Counsel, therefore, cannot be judged ineffective as long as the approach taken "might be considered sound trial strategy." Id. at 689. When reviewing counsel's performance, a court must avoid using "the distorting effects of hindsight" and must evaluate the reasonableness of counsel's conduct "from counsel's perspective at the time." Id. at 689. "[I]t is all too easy for a court, examining counsel's defense after it is proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id.

"[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692. The burden is on the movant to prove, by a preponderance of the evidence, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the movant cannot prove prejudice, a court "need not address whether counsel's performance was deficient." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000); United States v. Flynn, 87 F.3d 996, 1000 (8th Cir. 1996).

Applying these precepts to the case at hand leads inescapably to the conclusion that One Star has failed to meet the rigid standards of Strickland and its progeny and therefore cannot prevail on, or obtain §2255 relief for, his ineffective assistance of counsel claims.

VI.

One Star first claims that trial counsel was ineffective because counsel knew that One Star was mentally incompetent both before and during the trial and could not understand the proceedings or assist counsel. One Star, however, does not support his claim with any facts or corroborating evidence, other than perhaps his statement that he is currently in the mental health unit at the Federal Correctional Facility where he is incarcerated.

Retrospective competency determinations "are strongly disfavored" and have "inherent difficulties" even "under the most favorable circumstances." Weisberg v. Minnesota, 29 F.3d 1271, 1278 (8th Cir. 1994) (quoting Drope v. Missouri, 420 U.S. 162, 183 (1975)), cert. denied, 513 U.S. 1126 (1995); see also United States v. Day, 949 F.2d 973, 982, n. 9 (8th Cir. 1991) ("to require a sentencing court [upon a collateral attack of a prior conviction] to decide whether a defendant was competent during proceedings that took place years earlier would be an exercise in futility."), on remand, 998 F.2d 622 (8th Cir. 1993), cert. denied, 511 U.S. 1130 (1994). "Absent some contrary indication, the court is entitled

to presume[2] that a defendant is competent." Weisberg, 29 F.3d at 1276 (quoting Day, 949 F.2d at 982). Whether a Drope hearing should have been held "depends on whether [the defendant's] mental competency was in question at the time" of his trial. Weisberg, 29 F.3d at 1276 (quoting United States v. Hollis, 718 F.2d 277, 280 (8th Cir. 1983), cert. denied, 465 U.S. 1036 (1984)); see also Griffin v. Lockhart, 935 F.2d 926, 929-31 (8th Cir. 1991) (citing to and applying Drope).

In Hollis, the §2255 movant claimed that his trial counsel was ineffective in failing to order an independent psychiatric examination. 718 F.2d at 280. The Eighth Circuit, however, rejected this claim because the movant "cooperated with his attorney in the preparation of his case; had no previous psychiatric involvement; and elicited no signs of mental instability." Id. (quoting Hollis v. United States, 687 F.2d 257, 260 (8th Cir. 1982), cert. denied, 459 U.S. 1221 (1983)).

Similarly, in Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996), the Eighth Circuit held that trial counsel was not ineffective in not requesting a competency hearing. In so holding, the appeals court explained that trial counsel worked extensively with the movant during trial preparation, observed the movant's demeanor during trial and did not see or experience anything that made counsel question the movant's competency. Id.

---

[2] "This presumption recognizes that most persons are competent. Cases in which a defendant must not be so regarded are departures from the usual course of criminal proceedings; some showing must be made that the circumstances of a particular case should have engaged the trial judge's attention before he or she can be faulted for failing to inquire as to the defendant's competency." Day, 949 F.2d at 982 (citations omitted).

In this case, trial counsel's affidavit reflects that counsel had extensive involvement with One Star both before and during the trial. In fact, counsel remarked that One Star was much more of an active participant in his own defense than most of counsel's clients. Counsel states in his affidavit that he was neither aware of nor had any information to suggest that One Star lacked the mental competence to stand trial. Although One Star received supplemental security income (SSI) benefits, counsel believed that this was because of physical, and not mental, problems.

In his affidavit, trial counsel makes reference to notes he made of meetings with One Star before trial in which One Star indicated to counsel what their trial strategy should focus on. One Star mentioned specific dates that concerned a trial witness' bias and a conflict between one of the child victims and two other witnesses. One Star wanted counsel to be aware that one of the witnesses was afraid of a specific named individual and that one of the victims had said another person had tried to "dope" her.

Before trial, One Star informed the defense investigator that One Star did not do the things he was charged with and that he had no idea who did them. One Star told the investigator that he wanted the investigator to contact certain family members and provided specific details about how to do so. One Star also told the investigator that he believed the charges against him were the result of a lawsuit he had filed against the State of South Dakota.

According to trial counsel, One Star actively participated in his defense at trial, writing notes to counsel about strategy he thought counsel should employ. Counsel and One Star exchanged notes back and forth as the evidence was presented, with One Star making

suggestions on what he thought would help the case. On one occasion, One Star believed that the testimony of one witness was too rehearsed and instructed counsel to ask specific questions about where and how long a witness had been in jail. One Star also pointed out that the testimony of one witness (presumably one of the child victims) about sex indicated that it always occurred when no one else was around. Finally, One Star wanted counsel to ask one of the witnesses (again most likely one of the victims) why the witness never disclosed anything to counselors at school (despite having the opportunity to do so).

Trial counsel's affidavit, which makes reference to and describes correspondence he received from One Star after the trial, reveals that One Star had an understanding of the criminal justice system and legal principles. One Star's letters to counsel showed that One Star recalled, well after the fact, dates, events and names of individuals involved in his trial, and a civil lawsuit he was pursuing against state officials. One Star wrote to counsel about different legal theories under the Sixth Amendment and about Crawford v. Washington, 541 U.S. 36 (2004) that he thought counsel should pursue on appeal or in other proceedings. One Star also related, in letters to counsel, various details from the trial, as well as shortcomings with testimony from certain witnesses. And, in his correspondence, One Star reminded counsel of pretrial discussions with counsel about one of the trial witnesses.

As aptly shown by trial counsel's unrefuted affidavit, One Star was mentally competent to stand trial and to assist in his defense. Compare Griffin, 935 F.2d at 930-31. One Star's ex post facto attempt to create a competency issue, when no evidence has been put forth to support it, is unavailing. Counsel had no indication whatsoever that One Star was not competent, and One Star's actions, before, during and after the trial show that he

11

understood the nature of the proceedings and was an active participant in his own defense. Counsel and the trial court were entitled to presume One Star's competency and in the face of nothing to rebut this presumption and detailed evidence that supports it, One Star may not obtain relief under the Sixth Amendment. One Star has failed to satisfy his burden under Strickland of demonstrating that counsel acted outside the bounds of reasonable professional judgment and that he was prejudiced thereby. As such, One Star cannot prevail on his competency claim.

VII.

One Star next claims that trial counsel was ineffective because counsel prevented One Star from testifying on his own behalf. One Star maintains that had he testified, he "would have possibly avoided conviction and a sentence enhancement to life." His claim, and the conclusory allegation used to support it, are belied by the records on file and the facts of this case.

A criminal defendant has a constitutional right to testify in his own defense. Rock v. Arkansas, 483 U.S. 44, 49 (1987); Berkovitz v. Minnesota, 505 F.3d 827, 828 (8th Cir. 2007), cert. denied, 128 S.Ct. 1454 (2008). This right is derived from the Fifth Amendment's due process clause and protection against compelled testimony and the Sixth Amendment's compulsory process clause. Rock, 483 U.S. at 51-53. "Because the right to testify is a fundamental constitutional guarantee, only the defendant is empowered to waive the right." Frey v. Schuetzle, 151 F.3d 893, 898 (8th Cir. 1998) (quoting United States v. Bernloehr, 833 F.2d 749, 751 (8th Cir. 1987)). Any waiver of this right must be a knowing and voluntary one. Id. A valid waiver of the right, however, may be based on the defendant's silence when

his counsel rests without calling him to testify. Frey, 151 F.3d at 898 (citing Bernloehr, 833 F.2d at 751-52).

Trial counsel's own affidavit reflects that he engaged in a colloquy with One Star, in the presence of a court reporter, on the second day of his trial. At that time, the two of them discussed what One Star's testimony would be if he were to testify. Counsel told One Star that it was One Star's decision whether to testify or not and then inquired what One Star wanted to do. One Star thereafter stated "I'm not going to testify." Counsel confirmed this, asking "You do not want to testify?" One Star replied, "Yeah" and followed this with a statement that he was certain about his decision. Counsel asked whether One Star realized he had a right to testify and tell his side of what happened, to which One Star replied, "Yes." Counsel asked whether One Star understood that, if One Star testified, he could be cross-examined like any other witness, and One Star responded in the affirmative. Counsel inquired further, saying, "But I want to make certain you're absolutely positive you don't want to testify?" One Star again responded in the affirmative. Counsel then asked One Star, "But do you feel you need to testify at this point?" to which One Star answered, "No."

The dialogue just summarized is taken from a transcript that trial counsel reviewed and quoted from in his affidavit. The dialogue clearly shows that One Star was afforded the opportunity to testify on his own behalf and chose to exercise his constitutional right not to do so. The fact that he now, after being found guilty and sentenced to life imprisonment, may regret the decision he chose to make, does not render counsel's performance deficient. See Frey, 151 F.3d at 898 (holding that a defendant's post-conviction dissatisfaction with his decision not to testify does not change the analysis or vitiate the knowing and voluntary

waiver of that right); see also Berkovitz, 505 F.3d at 828 (concluding that the defendant was not unduly influenced or coerced into not testifying).

Aside from this, One Star has not shown that he was prejudiced by trial counsel's failure to call him as a witness at trial. Significantly, the Eighth Circuit observed on direct appeal, that the evidence against One Star was more than sufficient to convict him. One Star, 465 F.3d at 833-34. In doing so, the Court also noted "the strength of the personal testimony of the victims and the corroborating circumstantial and physical evidence." Id. at 833. At sentencing, the District Court characterized the case as a "horrendous" one making mention of the evidence against One Star and the impact his conduct had on the victims. One Star can thus hardly claim that he was prejudiced by either the verdict or the sentence that was imposed on him especially in the absence of proof to the contrary.

Trial counsel's decision not to call One Star as a trial witness was based on One Star's own choice not to testify. Counsel's conduct, when viewed from counsel's own perspective at the time, was not unreasonable or deficient. Nor has One Star shown, in other than a conclusory manner, that he was prejudiced in not being called as a witness. Either way, One Star has failed to sustain his burden of proving ineffective assistance on the part of counsel.

VIII.

As his final claim, One Star alleges that trial counsel "was ineffective in not forcing [One Star] and advising [him] . . . to accept the 10-year plea offer." As with his other two claims, One Star offers no evidence to support this conclusory allegation.

When a §2255 movant's claim is that trial counsel misadvised the movant of the relative advantages of pleading guilty rather than proceeding to trial, in order to satisfy the

14

prejudice prong of the Strickland test, the movant "must show that, but for his counsel's advice, he would have accepted the plea." Sanders, 341 F.3d at 722 (quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)). Even if counsel's performance is deficient, the movant must still "present some credible non-conclusory evidence" that he would have acknowledged his guilt had he been properly advised about the risks of trial." Sanders, 341 U.S. at 723; United States v. Stevens, 149 F.3d 747, 748 (8th Cir.), cert. denied, 525 U.S. 1009 (1998); Engelen, 68 F.3d at 241. "[T]he fact that [the movant] later regrets foregoing a plea offer and proceeding to trial is not evidence of ineffective assistance of counsel." United States v. Lefkowitz, 289 F.Supp.2d 1076, 1088 (D. Minn. 2003), aff'd, 446 F.3d 788 (8th Cir.), cert. denied, 127 S.Ct. 843 (2006).

One Star has not met his burden. He has presented nothing other than a single conclusory allegation that he would have pled guilty if counsel had "forc[ed]" and/or "advis[ed]" him to accept the purported plea offer. Trial counsel's affidavit indicates that One Star maintained his innocence during and after trial. He insisted that he was not guilty of the charges, and chose to exercise his right to remain silent at both the trial and his sentencing hearing. "A [movant] who maintains his innocence at all stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later §2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." Sanders, 341 F.3d at 723; see also Stevens, 149 F.3d at 748; Engelen, 68 F.3d at 241. One Star's unwavering representations of innocence make it difficult, if not impossible, to succeed on his ineffectiveness claim.

15

Notwithstanding this, trial counsel's affidavit shows that the Government never offered a plea agreement involving a 10-year maximum sentence. Instead, such an offer was made by One Star's counsel; an offer that the Government did not agree to or accept at any time. There thus was no "10 year plea offer" ever made for One Star to even consider, much less accept.

In any event, trial counsel could not legally "force" or use coercion to get One Star to plead guilty. A guilty plea is constitutionally valid only if it is made "voluntarily and intelligently." Bousley v. United States, 523 U.S. 614, 618 (1998). Any "force" or coercion on counsel's part to induce One Star to accept a guilty plea would have rendered the plea invalid. Counsel, therefore, cannot be said to have rendered ineffective assistance by not "forcing" One Star to plead guilty.

One Star's plea claim is baseless, devoid of any evidentiary support, and is contradicted by the record. Accordingly, the claim must be dismissed.

IX.

A movant is required to obtained a certificate of appealability (COA) from a district or circuit judge before appealing from the final order entered in a §2255 proceeding. 28 U.S.C. §2253(c)(1)(B). A district court is authorized to determine a COA if the movant has made a substantial showing of the denial of a constitutional right. §2253(c)(2); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.), cert. denied, 545 U.S. 1135 (2005); Garrett v. United States, 211 F.3d 1075, 1076 (8th Cir.) (per curiam), cert. denied, 531 U.S. 908 (2000). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Garrett,

16

211 F.3d at 1077; Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

The Court believes that One Star cannot satisfy this standard and make the requisite "substantial showing" with respect to any of his three claims. None of them come even close to running afoul of the Constitution and for this reason, a COA should be denied.

X.

Based on the foregoing findings of fact and legal discussion and pursuant to §636(b) and Rule 8(b) of the §2255 Rules, it is hereby

RECOMMENDED that One Star's Motion under §2255 to vacate, set aside or correct sentence by a person in federal custody, Docket No. 97, be denied in all respects. It is further

RECOMMENDED that the Government's Motion to Dismiss, for failure to state a claim, Docket No. 106, be granted. It is further

RECOMMENDED that the case be dismissed on the merits and with prejudice. It is further

RECOMMENDED that a COA, if one is sought by One Star, be denied as to all issues and claims raised in his §2255 Motion.

Dated this 21st day of July, 2008, at Pierre, South Dakota.

BY THE COURT:

/s/ Mark A. Moreno

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** _____
              **Deputy**
**(SEAL)**

## NOTICE

Failure to file written objections to the foregoing Report and Recommendations within 10 days from the date of service shall bar an aggrieved party from attacking the Report and Recommendations before the United States District Judge assigned to review the case. <u>See</u> §636(b) and 8(b) of the §2255 Rules.