

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

**************************************************************************

| | | |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA, | * | CR 04-30070 |
| | * | |
| Plaintiff, | * | OPINION AND ORDER ADOPTING |
| -vs- | * | REPORT AND RECOMMENDATION |
| | * | AND DENYING |
| ROY B. ONE STAR, | * | MOTION TO VACATE SENTENCE |
| | * | AND ORDER DENYING |
| Defendant. | * | CERTIFICATE OF APPEALABILITY |
| | * | |

**************************************************************************

Defendant was convicted, following a trial by jury, of six counts of aggravated sexual abuse of a child and one count of simple assault. He was sentenced to life imprisonment. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit and the Eighth Circuit affirmed. Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that (1) trial counsel was ineffective because he knew that the defendant was mentally incompetent (defendant contends that he is currently incarcerated in the mental health unit at F.C.I. Butner), (2) trial counsel was ineffective because he prevented defendant from testifying at trial, and (3) trial counsel was ineffective "in not forcing [defendant] and advising [defendant] in writing" as to the acceptance of a "10 year plea offer."

The Court submitted the above-entitled matter to U.S. Magistrate Judge Mark A. Moreno and the magistrate judge submitted his report and recommendation to the Court on July 21, 2008, Doc. 109. The report and recommendation was served on the petitioner as required by 28 U.S.C. § 636. Petitioner did not file timely objections but he did file a "motion in opposition to government's motion to deny plaintiff motion to vacate," Doc. 111, on August 18, 2008. He did not specifically address the report and recommendation in that document.

The Court has conducted a *de novo* review of the file. I was the trial judge and observed counsel. I also heard all the evidence and arguments. I find that the report and recommendation of the magistrate judge should be accepted and the motion to vacate should be denied.

Defendant's most recent filing did specifically address his contention that he was incompetent at the time of his trial. I will construe that portion of the document as an objection to the Magistrate's conclusion that counsel was not ineffective in failing to request a competency hearing. The United States Supreme Court has held that "the standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396, 113 S.Ct. 2680, 2685, 125 L.Ed.2nd 321 (1993).

> Retrospective determinations of whether a defendant is competent to stand trial or to plead guilty are strongly disfavored. Such determinations have "inherent difficulties" even "under the most favorable circumstances." [*Drope v, Missouri*, 420 U.S. 162, 183, 95 S.Ct. 896, 909 (1975)]; *cf.* [*United States v. Day*, 949 F.2d 973, 982 n. 9 (8th Cir. 1991)] ("To require a sentencing court [upon a collateral attack to a prior conviction] to decide whether a defendant was competent during proceedings that took place years earlier would be an exercise in futility.").

Weisberg v. State of Minn., 29 F.3d 1271, 1278 (8th Cir. 1994). Defendant's current housing assignment in a mental health unit does not raise a presumption that the defendant was incompetent to assist counsel at the time of his trial. "Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a [then] present inability to assist counsel or understand the charges." United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1012 (7th Cir. 1984). See also, Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) ("[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.")

Based upon the evidence presented to the Magistrate, there was no information available to trial counsel to raise a question as to the defendant's competence. Defendant is not entitled to an evidentiary hearing on the issue of his competence at the time of his trial based merely on conclusory statements by the defendant that his present incarceration in a mental health unit demonstrates that he was incompetent at the time of trial. Dranow v. United States, 407 F.2d 47, 49 (8th Cir. 1969). The record shows that petitioner understood the nature of the proceedings and the charges against him and was able to assist his trial attorneys before, during and after trial

2

and therefore counsel acted reasonably in not requesting a competency hearing. Vogt v. United States, 88 F.3d 587, 590 (8th Cir. 1996).

Defendant, for the first time, now contends that the government failed to disclose all exculpatory evidence and that he "found some evidence that supports his supposition that the Government has withheld evidence from the Plaintiff (sic)." He also, for the first time, now claims that one or more jurors had reasonable doubt as to his guilt but felt "forced" in finding him guilty. Defendant contends that he has evidence to support his claims but does not wish to reveal such evidence until the evidentiary hearing. Defendant has it backwards. He is not entitled to an evidentiary hearing based only on conclusory allegations. Evans v. United States, 200 F.3d 549, 551 (8th Cir. 2000). Conclusory allegations unsupported by specifics are insufficient to overcome the barrier to an evidentiary hearing. Voytik v. United Sates, 778 F.2d 1306, 1308 (8th Cir. 1985).

Defendant also now contends that he was assigned an improper criminal history category and requests that he be re-sentenced under the now advisory Guidelines. "[G]arden-variety Sentencing Guideline application issues" are not properly raised in collateral proceedings under § 2255. Auman v. United States, 67 F.3d 157, 16-61 (8th Cir. 1995). Defendant did not raise any sentencing issues on direct appeal and those claims are thus procedurally defaulted. United States v. Perales, 212 F.3d 1110, 1111 (8th Cir. 2000). Defendant does not claim that he falls into one of the exceptions to procedural default (ineffective assistance in failing to raise sentencing issues, sentence in excess of statutory maximum, and errors that rise to the level of miscarriage of justice) and I find that none are applicable. In addition, defendant was sentenced under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which held that the Federal Sentencing Guidelines are now advisory. Booker does not, in any event, benefit a movant on collateral review. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

Based upon the foregoing,

IT IS ORDERED:

1. The report and recommendation of the U.S. Magistrate Judge, Doc. 109, shall be and is hereby adopted as the findings of fact and conclusions of law herein.

3

2. The defendant's objections, as set forth in his "motion in opposition," Doc. 111, are overruled.

3. The motion to vacate, set aside, or correct defendant's conviction and sentence is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct sentence. No certificate of appealability will be granted. 28 U.S.C. § 2253(c). This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 22 Nd day of August, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____ DEPUTY
(SEAL)

4